## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FIRST SUPERSEDING** |
| | ) | **INDICTMENT NO. CR413-4** |
| | ) | |
| | ) | |
| v. | ) | **VIO: 18 U.S.C. § 1594** |
| | ) | **Conspiracy to Engage in** |
| EUGENIO PRIETO-HERNANDEZ, | ) | **Sex Trafficking** |
| a/k/a "Eugenio Prieto-Nunez," | ) | |
| a/k/a "Don Nunez," | ) | **18 U.S.C. § 1591** |
| a/k/a "El Jarocho," | ) | **Sex Trafficking** |
| JOAQUIN MENDEZ-HERNANDEZ, | ) | |
| a/k/a "El Flaco," | ) | **18 U.S.C. § 371** |
| JUAN CARLOS PENA, | ) | **Conspiracy to Travel in Interstate** |
| LUISA CAPILLA-LANCHO, | ) | **Commerce for Purposes of** |
| a/k/a "Marisol," | ) | **Prostitution** |
| JORGE LIRA-XOCHICALE, | ) | |
| a/k/a/ "Roger," | ) | **18 U.S.C. § 2421** |
| a/k/a/ "Juan De Dios," | ) | **Travel in Interstate Commerce for** |
| a/k/a/ "Juan Diablo," | ) | **Purposes of Prostitution** |
| MAYER SANCHEZ-CALDERON | ) | |
| a/k/a "Maye," | ) | **18 U.S.C. § 1951** |
| CLAUDIO SANCHEZ-CALDERON, | ) | **Use of a Facility in Interstate** |
| a/k/a "Borrego," | ) | **Commerce to Promote the** |
| OMAR PERALTA-RODRIGUEZ, | ) | **Carrying on of a Business** |
| a/k/a "Erick Peralta," | ) | **Involving Prostitution** |
| a/k/a "El Negro," | ) | |
| NEURBY CELENIA DIAZ, | ) | **18 U.S.C. § 922(g)(5)(A)** |
| a/k/a "Dona Rosa," | ) | **Unlawful Possession of a Firearm** |
| ANTONIO UBALDO MENDEZ-LOPEZ, | ) | |
| a/k/a "Tono," | ) | **18 U.S.C. § 2** |
| a/k/a "Tonio," | ) | **Aiding and Abetting** |
| a/k/a "Don Tonio," | ) | |
| CESAR AGUILAR-REBOLLAR, | ) | |
| a/k/a "Cesar Nicholas Jaime," | ) | |
| SYLVIA BARRERA, | ) | |
| DAVID REYES, | ) | |
| ANTONIO RAMIREZ-CATALAN, | ) | |
| a/k/a/ "Joel," | ) | |
| JOSE RICARDO VAZQUEZ-GARCIA, | ) | |
| DANIEL RIBON-GONZALEZ, | ) | |
| MARISOL FERRERIRAS, | ) | |
| PARESH PATEL, | ) | |

| | |
|---|---|
| SERGIO VALAZQUEZ MARTINEZ, | ) |
| FERNANDO PELAYO SILVERIO, | ) |
| ARTURO SALQUIL-GOMEZ, | ) |
| JOSE HERNANDEZ TRUJILLO, | ) |
| SILVSTRE AGUILAR SAYAGO, | ) |
| a/k/a "Chucky," | ) |
| RODOLFO HERNANDEZ GUITERREZ, | ) |
| and | ) |
| ALEX MARTINEZ MONCON, | ) |
| a/k/a "Douglas Alexis Martinez Monzoon" | ) |

## FIRST SUPERCEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
*Conspiracy to Engage in Sex Trafficking*
18 U.S.C. § 1594

1.     Beginning at a time unknown to the grand jury, but at least from in or about 2008, and continuing through January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco," JUAN CARLOS PENA, LUISA CAPILLA-LANCHO, a/k/a "Marisol," JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** being aided and abetted by others, did knowingly combine, conspire, confederate, and agree with each other and others to knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person and persons, known and unknown, to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that force, fraud and coercion would be used to cause such

2

person and persons to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 2, 1591(a)(1), 1591(a)(2), and 1591(b)(2).

<h3 align="center">Manner and Means of the Conspiracy</h3>

2.     It was part of the conspiracy for one or more members of the conspiracy:

a.     To coordinate the illegal transportation of women from other countries into the United States to Savannah, Georgia and elsewhere for the purpose of engaging in prostitution in Savannah, Georgia and elsewhere.

b.     To recruit women to work as prostitutes for the organization.

c.     To provide false and misleading information to the women to entice them to come to and remain in the United States.

d.     To threaten and force women to commit acts of prostitution.

e.     To hold children hostage in Mexico to force women to engage in prostitution.

f.     To harbor these women by providing food and housing for the women while the women worked as prostitutes.

g.     To use communication facilities, including cellular telephones to communicate with other members of the conspiracy about the transportation of women, and to coordinate meetings between the women and people who would pay for sex, referred hereinafter as "Johns."

h.     To use communication facilities, including cellular telephones, to send photographs of women, so members of the conspiracy could select who to use as a prostitute.

i.     To transport women to various locations in the Southern District of Georgia and elsewhere, for the women to engage in sexual activity.   At times during this

conspiracy, one woman would commit over 30 acts of prostitution in one day, at the direction of one or more members of the conspiracy.

        j.      To typically have at least one woman working as a prostitute on a weekly basis.

        k.      To accompany the women to the location to engage in sexual activity and collect payment for services rendered.

        l.      To collect a portion of the money paid by a "John" to the prostitute.

        m.      To pay expenses to facilitate the prostitution.

        n.      To trade women and exchange women with other members of the conspiracy often after one week, to conspirators in other jurisdictions, including Florida, North Carolina and South Carolina.

## Object of the Conspiracy

3.      It was the object of the conspiracy to make money by engaging in sex trafficking and interstate prostitution.

## Overt Acts

4.      In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Southern District of Georgia and elsewhere:

        a.      Beginning at a time unknown to the Grand Jury, but between 2002 and December 26, 2012, the exact date being unknown to the Grand Jury, Defendant **JUAN CARLOS PENA** brought a Nicaraguan woman who was living in Florida to Georgia under the false pretenses that the woman would be working in a cleaning business. Defendant **JUAN CARLOS PENA** trained the Nicaraguan woman to be a prostitute in his prostitution business.

b.    At a time unknown to the Grand Jury, but at least from in or about November 2009, Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** introduced Jane Doe #9, an individual known to the Grand Jury, to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** to work as a prostitute. Jane Doe #9 worked as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** for seven days at a time on three separate occasions from November 2009 through January 2011.

c.    In or about October 2011, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** recruited Jane Doe #1, an individual known to the Grand Jury, to work as a prostitute within his criminal organization.

d.    In or about October 2011, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** told Jane Doe #1 that she needed to service 25 clients per day or she would be sent home to Mexico.

e.    In or about October 2011, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** provided housing for Jane Doe #1 while she worked as a prostitute.

f.    In or about October 2011, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco," LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** and other members of the conspiracy transported Jane Doe #1 to various places so Jane Doe #1 could engage in prostitution.

g.    In or about October 2011, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** collected money from people who engaged in prostitution with Jane Doe #1.

h.      In or about October 2011, Defendant **LUISA CAPILLA-LANCHO,** a/k/a "Marisol," told another unknown member of the conspiracy that twenty-four Mexican females, some very young, were trafficked from Mexico into the United States and were harbored in Charlotte, North Carolina because Atlanta and New York were "burnt." Thereafter, other members of the conspiracy, including Defendant **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a "El Flaco," would transport these women to work as prostitutes.

i.      In or about January 2012, Defendant **LUISA CAPILLA-LANCHO,** a/k/a "Marisol," brought Jane Doe #1, from Savannah, Georgia to Florida to work as a prostitute.

j.      On or about July 27, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a "El Flaco," and **LUISA CAPILLA-LANCHO,** a/k/a "Marisol," provided housing for Jane Doe #11, an individual unknown to the Grand Jury, while she worked as a prostitute.

k.      On or about July 27, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a "El Flaco," transported Jane Doe #11 to different locations in Savannah, Georgia, to engage in prostitution.

l.      On or about September 2, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a "El Flaco," traveled from Georgia to South Carolina to exchange prostitutes with another member of the conspiracy.

m.      In or about late October, early November 2012, Defendant **NEURBY CELENIA DIAZ,** a/k/a "Dona Rosa," transported and promoted the use of Jane Doe #2, an individual known to the Grand Jury, to engage in prostitution.

n.     Beginning at a time unknown to the grand jury but at least from in or about November 2012 and January 2013, Defendant **SYLVIA BARRERA** transported prostitutes and purchased supplies for prostitutes.

o.     On or about November 1, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used communications facilities, including cellular telephones, to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

p.     On or about November 1, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used communications facilities, including cellular telephones, to coordinate the scheduling and transportation of prostitutes between Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

q.     On or about November 3, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to coordinate the delivery of a prostitute.

r.     On or about November 3, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported a prostitute to the Nassau Woods Trailer Park, in Garden City, Georgia, to engage in prostitution.

s.     On or about November 4, 2012, Defendants **NEURBY CELENIA DIAZ, a/k/a "Dona Rosa,"** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to discuss the transportation of a female prostitute, Jane Doe #2 from Defendant **NEURBY CELENIA DIAZ'S, a/k/a "Dona Rosa,"** care and custody to Defendant

**JOAQUIN MENDEZ-HERNANDEZ'S a/k/a "El Flaco"** care and custody, to be used to engage in prostitution.

t.     On or about November 5, 2012, Defendant **NEURBY CELENIA DIAZ, a/k/a "Dona Rosa,"** traveled to Savannah, Georgia for the purpose of delivering Jane Doe #2 to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

u.     From on or about November 5, 2012, until on or about November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** provided harbor for Jane Doe # 2 while she worked as a prostitute for him.

v.     From on or about November 5, 2012, until on or about November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #2 to various locations to engage in prostitution.

w.     On or about November 6, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** used a communication facility, cellular telephones, to discuss a female prostitute, Jane Doe #2, who believed she was pregnant. During the conversation, Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** explained to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** that Jane Doe #2 believed she was two months pregnant and was in the restroom vomiting. Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** laughed at the situation.

x.     On or about November 7, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used communications facilities, including cellular telephones, to coordinate the scheduling and transportation of prostitutes

between Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

y.      On or about November 11, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **JUAN CARLOS PENA** used cellular telephones to update each other on the status of some of the women they were using as prostitutes.

z.      On or about November 12, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco," and JUAN CARLOS PENA** used cellular telephones to update each other on the status of some of the women they were using as prostitutes.

aa.      On November 14, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling and transportation of prostitutes, between Defendants **JUAN CARLOS PENA and JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

bb.      On or about November 14, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco," JUAN CARLOS PENA,** and **SYLVIA BARRERA** used telephones to coordinate the transport of Jane Doe #2 from Savannah, Georgia to another location.

cc.      On or about November 14, 2012, and November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** travelled to Bonaire, Georgia to transfer a prostitute, Jane Doe #2 to Defendant **SYLVIA BARRERA** to be used as a prostitute.

dd.      On or about November 15, 2012, Defendant **SYLVIA BARRERA** transported Jane Doe #2 to Defendant **JUAN CARLOS PENA.**

ee.      On or about November 15, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to

coordinate the scheduling and transportation of prostitutes, between Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

ff.     On or about November 17, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling of prostitutes between Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

gg.     On or about November 22, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

hh.     On or about November 24, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to coordinate the transfer of a prostitute, Jane Doe #4, an individual known to the Grand Jury, from Savannah, Georgia to Columbia, South Carolina, where Jane Doe #4, would be transferred to Defendant **ANTONIO RAMIRIZ-CATALAN, a/k/a "Joel,"** a pimp who operates in Monroe, North Carolina.

ii.     On or about November 25, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ANTONIO RAMIREZ-CATALAN, a/k/a "Joel,"** transported Jane Doe #4 in interstate commerce for the purpose of attempting to use her as a prostitute.

jj.     On or about December 10, 2012, Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling of prostitutes between Defendants **JUAN CARLOS PENA** and **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

kk.     On or about December 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** forced a female prostitute, Jane Doe #6, an individual known to the Grand Jury, to engage in prostitution activities.

ll.     On or about December 17, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** used cellular telephones to coordinate the transportation of a prostitute from the state of South Carolina to the State of Georgia by Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

mm.     On or about December 20, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **NEURBY CELENIA DIAZ, a/k/a "Dona Rosa,"** used cellular telephones to discuss that Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco"** was working with a Jane Doe #7, an individual known to the Grand Jury, a female prostitute from the state of South Carolina in the state of Georgia.

nn.     On or about December 26, 2012, Defendant **JUAN CARLOS PENA** used a cellular telephone to explain to an unidentified male that he was the boss of a prostitution business. Defendant **JUAN CARLOS PENA** further explained that he used a variety of young Mexican, Puerto Rican and Dominican females, under the age of twenty-seven, to work as prostitutes on a weekly basis for his business.

oo.     On or about December 30, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **NEURBY CELENIA DIAZ, a/k/a "Dona Rosa,"** used cellular telephones to update each other on the status of some of the women they were using as prostitutes.

pp.     On or about January 1, 2013, Defendants **JUAN CARLOS PENA** and **JORGE LIRA-XOCHICALE**, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo," used cellular telephones to discuss a female prostitute, Jane Doe #10, an individual known to the Grand Jury, who said that Defendant **JORGE LIRA-XOCHICALE**, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo," and other unknown members of the conspiracy raped her.

qq.     On or about January 2, 2013, Defendants **JUAN CARLOS PENA** and **JORGE LIRA-XOCHICALE**, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo," used cellular telephones to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

rr.     Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **EUGENIO PRIETO-HERNANDEZ**, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," recruited Jane Doe #15, a female Mexican national and an individual known to the grand jury, to become a prostitute in the United States. Defendant **EUGENIO PRIETO-HERNANDEZ**, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," had sexual relations with Jane Doe #15 every fifteen days to prepare Jane Doe #15 for the frequent commercial sex acts with multiple men required in order to be a prostitute within the organization. Defendant **EUGENIO PRIETO-HERNANDEZ**, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," misrepresented to Jane Doe #15 how much money she would earn as a prostitute and how much money she would be required to pay for her illegal entry into the United States.

12

ss.   On or about January 11, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to make arrangements with Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Priento-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** to illegally smuggle Jane Doe #15, an individual known to the grand jury, from Mexico to the United States to work as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

All done in violation of Title 18, United States Code, Sections 2 and 1594(c).

**COUNT TWO**
*Sex Trafficking*
18 U.S.C. § 1591

5.   The allegations contained in paragraphs 1 through 4 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

6.   On or about December 15, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** aided and abetted by other individuals known and unknown to the Grand Jury, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe #6, an individual known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

All done in violation of Title 18, United States Code, Sections 2, 1591(a)(1), 1591(a)(2), and 1591(b)(1).

*Conspiracy to Transport a Person in Interstate*
*Commerce for Purposes of Prostitution*
18 U.S.C. §§ 371 & 2421

7.     The allegations contained in paragraphs 1 through 6 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

8.     Beginning at a time unknown to the grand jury, but at least from in or about 2008, and continuing through January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco," JUAN CARLOS PENA, LUISA CAPILLA-LANCHO, a/k/a "Marisol," JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo," MAYER SANCHEZ-CALDERON, a/k/a "Maye," CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego," OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro," NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," ANTONIO UBALDO MENDEZ-LOPEZ, a/k/a "Tono," a/k/a "Tonio," a/k/a "Don Tonio," CESAR AGUILAR-REBOLLAR, a/k/a "Cesar Nicholas Jaime," SYLVIA BARRERA, DAVID REYES, ANTONIO RAMIREZ-CATALAN, a/k/a/ "Joel," JOSE RICARDO VAZQUEZ-GARCIA, DANIEL RIBON-GONZALEZ, MARISOL FERRERIRAS,** aided and abetted by others, did willfully and knowingly combine, conspire, confederate, and agree with each other and other individuals known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, travel in interstate commerce for purposes of prostitution, in violation of Title 18, United States Code, Section 2421.

**Manner and Means of the Conspiracy**

9.     It was part of the conspiracy for one or more members of the conspiracy:

14

a.      To coordinate the transportation of women who had entered the United States illegally to Savannah, Georgia and elsewhere for the purpose of engaging in prostitution in the Savannah, Georgia area and elsewhere.

b.      To transport these women to and from Savannah, Georgia and elsewhere to cause these women to engage in prostitution in the Savannah, Georgia area and elsewhere.

c.      To harbor these women in various residences in the area, including but not limited to 126 Tibet Avenue, Apartment E-8, in Savannah, Georgia.

d.      To engage in sexual activities with these women in the Savannah, Georgia area and elsewhere.

## Object of the Conspiracy

10.    It was the object of the conspiracy to make money by engaging in interstate prostitution.

## Overt Acts

11.    In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Southern District of Georgia and elsewhere:

a.      Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, Defendant **OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro,"** harbored prostitutes at his residence in Claxton, Georgia.

b.      Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, Defendant **OMAR PERALTA-**

RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro," arranged for prostitutes to engage in commercial sex acts with customers in the Claxton, Georgia area.

  c. Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, Defendant **OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro,"** delivered prostitutes to other known and unknown members of the conspiracy in Georgia and South Carolina.

  d. Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego,"** acted as a "ritter" and delivered prostitutes to other known and unknown members of the conspiracy in North Carolina, South Carolina and Florida who would then deliver the prostitutes to customers.

  e. Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego,"** harbored prostitutes at his residence in Charlotte, North Carolina.

  f. Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **MAYER SANCHEZ-CALDERON, a/k/a "Maye,"** acted as a "ritter" and delivered prostitutes to other known and unknown members of the conspiracy in North Carolina, South Carolina and Georgia who would then deliver the prostitutes to customers.

  g. Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **MAYER SANCHEZ-CALDERON, a/k/a "Maye,"** harbored prostitutes at his residence in Charlotte, North Carolina.

h.     In or about January 2012, Defendant **LUISA CAPILLA-LANCHO,** a/k/a **"Marisol,"** brought Jane Doe #1, an individual known to the Grand Jury, from Savannah, Georgia to Florida to work as a prostitute.

i.     In or about September 2012 and continuing through in or about January 2013, Defendants **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a **"El Flaco,"** and **ALEX MARTINEZ MONCON,** a/k/a **"Douglas Alexis Martinez Monzoon,"** used a cellular telephone to arrange for Defendant **ALEX MARTINEZ MONCON, a/k/a "Douglas Alexis Martinez Monzoon"** to engage in a commercial sex act with a prostitute.

j.     In or about November 2012, Defendant **CLAUDIO SANCHEZ-CALDERON,** a/k/a **"Borrego,"** rented Jane Doe #14, an individual unknown to the grand jury, for a week in order to have sex with Jane Doe #14 in North Carolina.

k.     On or about November 5, 2012, Defendant **NEURBY CELENIA DIAZ,** a/k/a **"Dona Rosa,"** transported Jane Doe #2, an individual known to the Grand Jury, to Defendant **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a **"El Flaco,"** in Savannah, Georgia to allow Jane Doe #2 to work as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a **"El Flaco."**

l.     On or about November 5, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ,** a/k/a **"El Flaco,"** transported Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** from the Savannah, Georgia area to Defendant **JOSE RICARDO VAZQUEZ-GARCIA** at exit 57 on Interstate 95 in South Carolina.   Defendant **JOSE RICARDO VAZQUEZ-GARCIA** then transported Defendant **LUISA CAPILLA-LANCHO,** a/k/a **"Marisol,"** to the Columbia, South Carolina area where Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** worked as a prostitute.

m.    On or about November 14, 2012 and continuing through on or about November 15, 2012, Defendant **JUAN CARLOS PENA** contacted Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **SYLVIA BARRERA** to coordinate the transportation and delivery of Jane Doe #2 between Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **JUAN CARLOS PENA**.

n.    On or about November 14, 2012 and continuing through on or about November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #2 from the Savannah, Georgia area to Defendant **SYLVIA BARRERA** at exit 24 on Interstate 16 in Jeffersonville, Georgia.

o.    On or about November 15, 2012, Defendant **MARISOL FERRERIRAS** transported a female prostitute, Jane Doe #3, an individual known to the Grand Jury, from the Atlanta, Georgia area to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** at exit 24 on Interstate 16 in Jeffersonville, Georgia.    Thereafter, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #3 to the Savannah, Georgia area where Jane Doe #3 engaged in prostitution.

p.    On or about November 19, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** met with Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** at exit 24 on Interstate 16 in Jeffersonville, Georgia to pick up a female prostitute, Jane Doe #4, an individual known to the Grand Jury.    Thereafter, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #4 to the Savannah, Georgia area where Jane Doe #4 engaged in prostitution.

q.    On or about November 19, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **SILVSTRE AGUILAR SAYAGO, a/k/a "Chucky,"** used a cellular telephone to arrange for Defendant **SILVSTRE AGUILAR SAYAGO, a/k/a "Chucky,"** to engage in a commercial sex act with a prostitute.

r.    On or about November 19, 2012, Defendant **NEURBY CELENIA DIAZ, a/k/a "Dona Rosa,"** travelled to Defendant **JOAQUIN MENDEZ-HERNANDEZ'S, a/k/a "El Flaco's,"** residence located at 126 Tibet Avenue, Apartment E-8, in Savannah, Georgia to pick-up Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol."**    Thereafter, Defendant **NEURBY CELENIA DIAZ, a/k/a "Dona Rosa,"** transported Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** to the Baxley, Georgia area where Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** engaged in prostitution.

s.    On or about November 25, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported a female prostitute, Jane Doe #4, from the State of Georgia to Defendant **ANTONIO RAMIREZ-CATALAN, a/k/a "Joel,"** in the State of South Carolina to exit 119 on Interstate 26 near Columbia, South Carolina.    Thereafter, Defendant **ANTONIO RAMIREZ-CATALAN, a/k/a "Joel,"** transported Jane Doe #4 into the State of North Carolina.

t.    On or about November 26, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported a female prostitute, Jane Doe #5, an individual known to the Grand Jury, from the Savannah, Georgia area to Defendant **DANIEL RIBON-GONZALEZ** at exit 116 on Interstate 16 in Register, Georgia.    Thereafter, Defendant **DANIEL RIBON-GONZALEZ** transported Jane Doe #5 to the Augusta, Georgia area.

u. On or about December 12, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **FERNANDO PELAYO SILVERIO** used a cellular telephone to arrange for Defendant **FERNANDO PELAYO SILVERIO** to engage in a commercial sex act with a prostitute.

v. On or about December 15, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **SERGIO VALAZQUEZ MARTINEZ** used a cellular telephone to arrange for Defendant **SERGIO VALAZQUEZ MARTINEZ** to engage in a commercial sex act with a prostitute.

w. On or about December 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** forced a female prostitute, Jane Doe #6, an individual known to the Grand Jury, to engage in prostitution activities.

x. On or about December 22, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** contacted Defendant **DAVID REYES** to coordinate the transportation and delivery of a female prostitute, Jane Doe #7, an individual known to the Grand Jury, from Savannah, Georgia to Columbia, South Carolina.

y. On or about December 23, 2012, Defendant **DAVID REYES** travelled to Defendant **JOAQUIN MENDEZ-HERNANDEZ'S, a/k/a "El Flaco's,"** residence located at 126 Tibet Avenue, Apartment E-8, in Savannah, Georgia, picked up Jane Doe #7 at Defendant **JOAQUIN MENDEZ-HERNANDEZ'S, a/k/a "El Flaco's,"** residence and transported Jane Doe #7 to Columbia, South Carolina.

z. On December 27, 2012, Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** transported a female prostitute, Jane

Doe #8, an individual known to the Grand Jury, from Atlanta, Georgia to Defendant **JUAN CARLOS PENA'S** residence in Bonaire, Georgia.

aa.    On or about December 29, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ARTURO SALQUIL-GOMEZ** used a cellular telephone to arrange for Defendant **ARTURO SALQUIL-GOMEZ** to engage in a commercial sex act with a prostitute.

bb.    On or about December 29, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **RODOLFO HERNANDEZ GUITERREZ** used a cellular telephone to arrange for Defendant **RODOLFO HERNANDEZ GUITERREZ** to engage in a commercial sex act with a prostitute.

cc.    On December 30, 2012, Defendant **JUAN CARLOS PENA** contacted Defendant **SYLVIA BARRERA** to coordinate the transportation and delivery of a female prostitute, Jane Doe #8, from Bonaire, Georgia to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** at exit 51 on Interstate 16 in Dublin, Georgia.

dd.    On or about January 2, 2013, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** used a cellular telephone to coordinate the transportation of prostitutes from the State of Georgia to the State of Florida.

ee.    On or about January 6, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** and Jane Doe #5, a female prostitute and an individual known to the grand jury, from the State of Georgia to the State of Florida to allow Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** and Jane Doe #5 to engage in prostitution in the State of Florida.

ff.     On or about January 6, 2013, Defendant **ANTONIO UBALDO MENDEZ-LOPEZ, a/k/a "Tono," a/k/a "Tonio," a/k/a "Don Tonio,"** picked-up Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** from Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** to allow Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** to engage in prostitution in the State of Florida.

gg.     On or about January 6, 2013, Defendant **CESAR AGUILAR-REBOLLAR, a/k/a "Cesar Nicholas Jaime,"** picked up Jane Doe, #5, an individual known to the grand jury, from Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** to allow Jane Doe #5 to engage in prostitution in the State of Florida.

hh.     Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** recruited Jane Doe #15, a female Mexican national and an individual known to the grand jury, in Mexico to be a prostitute in the United States. Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** had sexual relations with Jane Doe #15 every fifteen days to prepare Jane Doe #15 for the frequent commercial sex acts required to be a prostitute within the organization. Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** misrepresented to Jane Doe #15 how much money she would earn as a prostitute and how much money she would be required to repay for her illegal entry into the United States.

ii.     On or about January 11, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to make arrangements with Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don**

Nunez," a/k/a "El Jarocho," to illegally smuggle Jane Doe #15, an individual known to the grand jury, from Mexico to the United States to work as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

jj.  Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **JOSE HERNANDEZ TRUJILLO** used a cellular telephone to arrange for Defendant **JOSE HERNANDEZ TRUJILLO** to engage in a commercial sex act with a prostitute.

All done in violation of Title 18, United States Code, Sections 2 and 371.

**COUNT FOUR**
*Travel in Interstate Commerce for Purposes of Prostitution*
18 U.S.C. § 2421

12.  The allegations contained in paragraphs 1 through 11 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

13.  In or about January, 2012, the exact date being unknown to the Grand Jury, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly transport Jane Doe #1, an individual known to the Grand Jury, from the State of Georgia to the State of Florida, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.

**COUNT FIVE**
*Travel in Interstate Commerce for Purposes of Prostitution*
18 U.S.C. § 2421

14.     The allegations contained in paragraphs 1 through 13 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

15.     On or about November 5, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly transport **LUISA CAPILLA-LANCHO, a/k/a "Marisol,"** from the State of Georgia to the State of South Carolina, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.

**COUNT SIX**
*Travel in Interstate Commerce for Purposes of Prostitution*
18 U.S.C. § 2421

16.     The allegations contained in paragraphs 1 through 15 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

17.     On or about November 25, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ANTONIO RAMIREZ-CATALAN, a/k/a "Joel,"** aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transport Jane Doe #4, an individual known to the Grand Jury, from the State of Georgia to the State of South Carolina, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.

## COUNT SEVEN
*Travel in Interstate Commerce for Purposes of Prostitution*
18 U.S.C. § 2421

18.     The allegations contained in paragraphs 1 through 17 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

19.     On or about December 23, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **DAVID REYES** aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transport Jane Doe #7, an individual known to the Grand Jury, from the State of Georgia to the State of South Carolina, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.

## COUNT EIGHT
*Use of a Facility in Interstate Commerce to Promote
the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

20.     The allegations contained in paragraphs 1 through 19 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

21.     On or about November 9, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **PARESH PATEL,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and

attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

**COUNT NINE**
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

22.    The allegations contained in paragraphs 1 through 21 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

23.    On or about December 15, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **SERGIO VALAZQUEZ MARTINEZ,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

**COUNT TEN**
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

24.    The allegations contained in paragraphs 1 through 23 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

25.     On or about December 12, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **FERNANDO PELAYO SILVERIO,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT ELEVEN
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

26.     The allegations contained in paragraphs 1 through 25 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

27.     On or about December 29, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ARTURO SALQUIL-GOMEZ,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did

perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT TWELVE
*Use of a Facility in Interstate Commerce to Promote
the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

28. The allegations contained in paragraphs 1 through 27 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

29. Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **JOSE HERNANDEZ TRUJILLO,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT THIRTEEN
*Use of a Facility in Interstate Commerce to Promote
the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

30. The allegations contained in paragraphs 1 through 29 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

31. On or about November 19, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **SILVSTRE AGUILAR SAYAGO, a/k/a "Chucky,"** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

### COUNT FOURTEEN
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

32. The allegations contained in paragraphs 1 through 31 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

33. On or about December 29, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **RODOLFO HERNANDEZ GUITERREZ,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on,

and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT FIFTEEN
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

34.     The allegations contained in paragraphs 1 through 33 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

35.     In or about September 2012 and continuing through in or about January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ALEX MARTINEZ MONCON, a/k/a "Douglas Alexis Martinez Monzoon,"** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT SIXTEEN
*Unlawful Possession of a Firearm*
18 U.S.C. § 922(g)(5)(A)

36.     On or about January 16, 2013, in Evans County, within the Southern District of Georgia, Defendant **OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El**

**Negro,"** then being an alien illegally and unlawfully in the United States, did unlawfully and knowingly possess, in and affecting commerce, three firearms: (1) a Savage Arms .22 caliber rifle; (2) a Henry Repeating Arms .22 caliber rifle; and (3) a Rossi .357 caliber revolver, which firearms had previously been transported in interstate and foreign commerce.

All done in violation of Title 18, United States Code, Section 922(g)(5)(A).

## FORFEITURE ALLEGATION

37.     The allegations contained in Counts One through Fifteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(b)(2) and 2428, as incorporated by Title 28, United States Code, Section 2461.

38.     Upon conviction of Counts One through Fifteen of this Indictment, the named Defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(b)(2) and 2428, as incorporated by Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

39.     If any property subject to forfeiture as a result of any act or omission of the Defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(b)(2) and 2428, as incorporated by Title 28, United States Code, Section 2461.

A True Bill.

Foreperson

Edward J. Tarver
United States Attorney

James D. Durham
First Assistant United States Attorney

Brian T. Rafferty
Assistant United States Attorney
Criminal Division Chief

E. Greg Gilluly*
Assistant United States Attorney

Tania D. Groover*
Assistant United States Attorney
*Denotes Lead Counsel