FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 AUG -7  PM 4:13

CLERK
DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SECOND SUPERSEDING INDICTMENT NO. <u>CR413-4</u> |
| | ) | |
| v. | ) | VIO:  18 U.S.C. § 1594 |
| | ) | **Conspiracy to Engage in Sex Trafficking** |
| EUGENIO PRIETO-HERNANDEZ, | ) | |
| a/k/a "Eugenio Prieto-Nunez," | ) | |
| a/k/a "Don Nunez," | ) | 18 U.S.C. § 1591 |
| a/k/a "El Jarocho," | ) | **Sex Trafficking** |
| JOAQUIN MENDEZ-HERNANDEZ, | ) | |
| a/k/a "El Flaco," | ) | 18 U.S.C. § 371 |
| JORGE LIRA-XOCHICALE, | ) | **Conspiracy to Travel in Interstate** |
| a/k/a/ "Roger," | ) | **Commerce for Purposes of** |
| a/k/a/ "Juan De Dios," | ) | **Prostitution** |
| a/k/a/ "Juan Diablo," | ) | |
| MAYER SANCHEZ-CALDERON | ) | 18 U.S.C. § 2421 |
| a/k/a "Maye," | ) | **Travel in Interstate Commerce for** |
| CLAUDIO SANCHEZ-CALDERON, | ) | **Purposes of Prostitution** |
| a/k/a "Borrego," | ) | |
| ANTONIO UBALDO MENDEZ-LOPEZ, | ) | 18 U.S.C. § 1952 |
| a/k/a "Tono," | ) | **Use of a Facility in Interstate** |
| a/k/a  "Tonio," | ) | **Commerce to Promote the** |
| a/k/a "Don Tonio," | ) | **Carrying on of a Business** |
| DAVID REYES, | ) | **Involving Prostitution** |
| JOSE RICARDO VAZQUEZ-GARCIA, | ) | |
| DANIEL RIBON-GONZALEZ, | ) | 8 U.S.C. § 1324 |
| ARTURO SALQUIL-GOMEZ | ) | **Conspiracy to Harbor** |
| | ) | **Illegal Aliens** |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | **Aiding and Abetting** |

## <u>SECOND SUPERSEDING INDICTMENT</u>

**THE GRAND JURY CHARGES:**

### <u>COUNT ONE</u>
*Conspiracy to Engage in Sex Trafficking*
18 U.S.C. § 1594

    1.    Beginning at a time unknown to the grand jury, but at least from in or

about 2008, and continuing through January 2013, in Chatham County, within the Southern

District of Georgia, and elsewhere, Defendants **EUGENIO PRIETO-HERNANDEZ, a/k/a**

**"Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," JOAQUIN MENDEZ-**

**HERNANDEZ, a/k/a "El Flaco,"** and **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/**

**"Juan De Dios," a/k/a/ "Juan Diablo,"** being aided and abetted by others, did knowingly

combine, conspire, confederate, and agree with each other and others to knowingly and

intentionally recruit, entice, harbor, transport, provide and obtain by any means a person and

persons, known and unknown, to the Grand Jury, in and affecting interstate and foreign

commerce, and did benefit financially and by receiving a thing of value from participation in a

venture engaged in such acts, knowing and in reckless disregard of the fact that force, fraud and

coercion would be used to cause such person and persons to engage in a commercial sex act, in

violation of Title 18, United States Code, Sections 2, 1591(a)(1), 1591(a)(2), and 1591(b)(2).

### Manner and Means of the Conspiracy

2.     It was part of the conspiracy for one or more members of the conspiracy:

a.     To coordinate the illegal transportation of women from other countries

into the United States to Savannah, Georgia and elsewhere for the purpose of engaging in

prostitution in Savannah, Georgia and elsewhere.

b.     To recruit women to work as prostitutes for the organization.

c.     To provide false and misleading information to the women to entice them

to come to and remain in the United States.

d.     To threaten and force women to commit acts of prostitution.

e.     To hold children hostage in Mexico to force women to engage in

prostitution.

f.      To harbor these women by providing food and housing for the women while the women worked as prostitutes.

g.      To use communication facilities, including cellular telephones to communicate with other members of the conspiracy about the transportation of women, and to coordinate meetings between the women and people who would pay for sex, referred hereinafter as "Johns."

h.      To use communication facilities, including cellular telephones, to send photographs of women, so members of the conspiracy could select who to use as a prostitute.

i.      To transport women to various locations in the Southern District of Georgia and elsewhere, for the women to engage in sexual activity. At times during this conspiracy, one woman would commit over 30 acts of prostitution in one day, at the direction of one or more members of the conspiracy.

j.      To typically have at least one woman working as a prostitute on a weekly basis.

k.      To accompany the women to the location to engage in sexual activity and collect payment for services rendered.

l.      To collect a portion of the money paid by a "John" to the prostitute.

m.      To pay expenses to facilitate the prostitution.

n.      To trade women and exchange women with other members of the conspiracy often after one week, to conspirators in other jurisdictions, including Florida, North Carolina and South Carolina.

## Object of the Conspiracy

3.　　It was the object of the conspiracy to make money by engaging in sex trafficking and interstate prostitution.

## Overt Acts

4.　　In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Southern District of Georgia and elsewhere:

　　　a.　　Beginning at a time unknown to the Grand Jury, but between 2002 and December 26, 2012, the exact date being unknown to the Grand Jury, JUAN CARLOS PENA brought a Nicaraguan woman who was living in Florida to Georgia under the false pretenses that the woman would be working in a cleaning business. JUAN CARLOS PENA trained the Nicaraguan woman to be a prostitute in his prostitution business.

　　　b.　　At a time unknown to the Grand Jury, but at least from in or about November 2009, LUISA CAPILLA-LANCHO, a/k/a "Marisol," introduced Jane Doe #9, an individual known to the Grand Jury, to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** to work as a prostitute. Jane Doe #9 worked as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** for seven days at a time on three separate occasions from November 2009 through January 2011.

　　　c.　　In or about October 2011, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** recruited Jane Doe #1, an individual known to the Grand Jury, to work as a prostitute within his criminal organization.

4

d.      In or about October 2011, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** told Jane Doe #1 that she needed to service 25 clients per day or she would be sent home to Mexico.

e.      In or about October 2011, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and LUISA CAPILLA-LANCHO, a/k/a "Marisol," provided housing for Jane Doe #1 while she worked as a prostitute.

f.      In or about October 2011, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** LUISA CAPILLA-LANCHO, a/k/a "Marisol," and other members of the conspiracy transported Jane Doe #1 to various places so Jane Doe #1 could engage in prostitution.

g.      In or about October 2011, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and LUISA CAPILLA-LANCHO, a/k/a "Marisol," collected money from people who engaged in prostitution with Jane Doe #1.

h.      In or about October 2011, LUISA CAPILLA-LANCHO, a/k/a "Marisol," told another unknown member of the conspiracy that twenty-four Mexican females, some very young, were trafficked from Mexico into the United States and were harbored in Charlotte, North Carolina because Atlanta and New York were "burnt." Thereafter, other members of the conspiracy, including Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** would transport these women to work as prostitutes.

i.      In or about January 2012, LUISA CAPILLA-LANCHO, a/k/a "Marisol," brought Jane Doe #1, from Savannah, Georgia to Florida to work as a prostitute.

j.      On or about July 27, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and LUISA CAPILLA-LANCHO, a/k/a "Marisol," provided

housing for Jane Doe #11, an individual unknown to the Grand Jury, while she worked as a prostitute.

k.     On or about July 27, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #11 to different locations in Savannah, Georgia, to engage in prostitution.

l.     On or about September 2, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** traveled from Georgia to South Carolina to exchange prostitutes with another member of the conspiracy.

m.     In or about late October, early November 2012, NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," transported and promoted the use of Jane Doe #2, an individual known to the Grand Jury, to engage in prostitution.

n.     Beginning at a time unknown to the grand jury but at least from in or about November 2012 and January 2013, SYLVIA BARRERA transported prostitutes and purchased supplies for prostitutes.

o.     On or about November 1, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JUAN CARLOS PENA used communications facilities, including cellular telephones, to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

p.     On or about November 1, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JUAN CARLOS PENA used communications facilities, including cellular telephones, to coordinate the scheduling and transportation of prostitutes between Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco"** and JUAN CARLOS PENA.

q.     On or about November 3, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to coordinate the delivery of a prostitute.

r.     On or about November 3, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported a prostitute to the Nassau Woods Trailer Park, in Garden City, Georgia, to engage in prostitution.

s.     On or about November 4, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," used cellular telephones to discuss the transportation of a female prostitute, Jane Doe #2 from NEURBY CELENIA DIAZ'S, a/k/a "Dona Rosa," care and custody to Defendant **JOAQUIN MENDEZ-HERNANDEZ'S a/k/a "El Flaco"** care and custody, to be used to engage in prostitution.

t.     On or about November 5, 2012, NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," traveled to Savannah, Georgia for the purpose of delivering Jane Doe #2 to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

u.     From on or about November 5, 2012, until on or about November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** provided harbor for Jane Doe # 2 while she worked as a prostitute for him.

v.     From on or about November 5, 2012, until on or about November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #2 to various locations to engage in prostitution.

w.     On or about November 6, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and LUISA CAPILLA-LANCHO, a/k/a "Marisol," used a

communication facility, cellular telephones, to discuss a female prostitute, Jane Doe #2, who believed she was pregnant.   During the conversation, LUISA CAPILLA-LANCHO, a/k/a "Marisol," explained to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** that Jane Doe #2 believed she was two months pregnant and was in the restroom vomiting. Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** laughed at the situation.

        x.     On or about November 7, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JUAN CARLOS PENA used communications facilities, including cellular telephones, to coordinate the scheduling and transportation of prostitutes between JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

        y.     On or about November 11, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JUAN CARLOS PENA used cellular telephones to update each other on the status of some of the women they were using as prostitutes.

        z.     On or about November 12, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JUAN CARLOS PENA used cellular telephones to update each other on the status of some of the women they were using as prostitutes.

        aa.     On November 14, 2012, JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling and transportation of prostitutes, between JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

        bb.     On or about November 14, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** JUAN CARLOS PENA, and SYLVIA BARRERA used

telephones to coordinate the transport of Jane Doe #2 from Savannah, Georgia to another location.

cc. On or about November 14, 2012, and November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** travelled to Bonaire, Georgia to transfer a prostitute, Jane Doe #2 to SYLVIA BARRERA to be used as a prostitute.

dd. On or about November 15, 2012, SYLVIA BARRERA transported Jane Doe #2 to JUAN CARLOS PENA.

ee. On or about November 15, 2012, JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling and transportation of prostitutes, between JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

ff. On or about November 17, 2012, JUAN CARLOS PENA and **Defendant JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling of prostitutes between JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

gg. On or about November 19, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** met with Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** at exit 24 on Interstate 16 in Jeffersonville, Georgia to pick up a female prostitute, Jane Doe #4, an individual known to the Grand Jury. Thereafter, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #4 to the Savannah, Georgia area where Jane Doe #4 engaged in prostitution.

9

hh.   On or about November 22, 2012, JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

ii.   On or about November 24, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to coordinate the transfer of a prostitute, Jane Doe #4, an individual known to the Grand Jury, from Savannah, Georgia to Columbia, South Carolina, where Jane Doe #4, would be transferred to ANTONIO RAMIRIZ-CATALAN, a/k/a "Joel," a pimp who operates in Monroe, North Carolina.

jj.   On or about November 25, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and ANTONIO RAMIREZ-CATALAN, a/k/a "Joel," transported Jane Doe #4 in interstate commerce for the purpose of attempting to use her as a prostitute.

kk.   On or about December 10, 2012, JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used cellular telephones to coordinate the scheduling of prostitutes between JUAN CARLOS PENA and Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

ll.   On or about December 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** forced a female prostitute, Jane Doe #6, an individual known to the Grand Jury, to engage in prostitution activities.

mm.   On or about December 17, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and LUISA CAPILLA-LANCHO, a/k/a "Marisol," used cellular telephones to coordinate the transportation of a prostitute from the state of South

Carolina to the State of Georgia by Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

       oo.    On or about December 20, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," used cellular telephones to discuss that Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco"** was working with a Jane Doe #7, an individual known to the Grand Jury, a female prostitute from the state of South Carolina in the state of Georgia.

       pp.    On or about December 26, 2012, JUAN CARLOS PENA used a cellular telephone to explain to an unidentified male that he was the boss of a prostitution business. JUAN CARLOS PENA further explained that he used a variety of young Mexican, Puerto Rican and Dominican females, under the age of twenty-seven, to work as prostitutes on a weekly basis for his business.

       qq.    On December 27, 2012, Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** transported a female prostitute, Jane Doe #8, an individual known to the Grand Jury, from Atlanta, Georgia to JUAN CARLOS PENA'S residence in Bonaire, Georgia.

       rr.    On or about December 30, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," used cellular telephones to update each other on the status of some of the women they were using as prostitutes.

       ss.    On or about January 1, 2013, Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** and JUAN CARLOS PENA used cellular telephones to discuss a female prostitute, Jane Doe #10, an individual known to the

11

Grand Jury, who said that Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** and other unknown members of the conspiracy raped her.

        tt.    On or about January 2, 2013, JUAN CARLOS PENA and Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** used cellular telephones to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

        uu.    Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** recruited Jane Doe #15, a female Mexican national and an individual known to the grand jury, to become a prostitute in the United States. Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** had sexual relations with Jane Doe #15 every fifteen days to prepare Jane Doe #15 for the frequent commercial sex acts with multiple men required in order to be a prostitute within the organization. Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** misrepresented to Jane Doe #15 how much money she would earn as a prostitute and how much money she would be required to pay for her illegal entry into the United States.

        vv.    On or about January 11, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to make arrangements with Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Priento-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** to illegally smuggle Jane Doe #15, an individual known to the

grand jury, from Mexico to the United States to work as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

All done in violation of Title 18, United States Code, Sections 2 and 1594(c).

## COUNT TWO
*Sex Trafficking*
18 U.S.C. § 1591

7.      On or about December 15, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** aided and abetted by other individuals known and unknown to the Grand Jury, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit, Jane Doe #6, an individual known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

All done in violation of Title 18, United States Code, Sections 2, 1591(a)(1), 1591(a)(2), and 1591(b)(1).

## COUNT THREE
*Conspiracy to Transport a Person in Interstate*
*Commerce for Purposes of Prostitution*
18 U.S.C. §§ 371 & 2421

8.      Beginning at a time unknown to the grand jury, but at least from in or about 2008, and continuing through January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho," JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco," JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo," MAYER SANCHEZ-CALDERON, a/k/a "Maye,"**

**CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego," ANTONIO UBALDO MENDEZ-LOPEZ, a/k/a "Tono," a/k/a "Tonio," a/k/a "Don Tonio," DAVID REYES, JOSE RICARDO VAZQUEZ-GARCIA, and DANIEL RIBON-GONZALEZ,** aided and abetted by others, did willfully and knowingly combine, conspire, confederate, and agree with each other and other individuals known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, travel in interstate commerce for purposes of prostitution, in violation of Title 18, United States Code, Section 2421.

### Manner and Means of the Conspiracy

9.     It was part of the conspiracy for one or more members of the conspiracy:

a.     To coordinate the transportation of women who had entered the United States illegally to Savannah, Georgia and elsewhere for the purpose of engaging in prostitution in the Savannah, Georgia area and elsewhere.

b.     To transport these women to and from Savannah, Georgia and elsewhere to cause these women to engage in prostitution in the Savannah, Georgia area and elsewhere.

c.     To harbor these women in various residences in the area, including but not limited to 126 Tibet Avenue, Apartment E-8, in Savannah, Georgia.

d.     To engage in sexual activities with these women in the Savannah, Georgia area and elsewhere.

### Object of the Conspiracy

10.     It was the object of the conspiracy to make money by engaging in interstate prostitution.

### Overt Acts

11.     In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Southern District of Georgia and elsewhere:

a.      Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro," harbored prostitutes at his residence in Claxton, Georgia.

b.      Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro," arranged for prostitutes to engage in commercial sex acts with customers in the Claxton, Georgia area.

c.      Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, OMAR PERALTA-RODRIGUEZ, a/k/a "Erick Peralta," a/k/a "El Negro," delivered prostitutes to other known and unknown members of the conspiracy in Georgia and South Carolina.

d.      Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego,"** acted as a "ritter" and delivered prostitutes to other known and unknown members of the conspiracy in North Carolina, South Carolina and Florida who would then deliver the prostitutes to customers.

e.     Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego,"** harbored prostitutes at his residence in Charlotte, North Carolina.

f.     Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **MAYER SANCHEZ-CALDERON, a/k/a "Maye,"** acted as a "ritter" and delivered prostitutes to other known and unknown members of the conspiracy in North Carolina, South Carolina and Georgia who would then deliver the prostitutes to customers.

g.     Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **MAYER SANCHEZ-CALDERON, a/k/a "Maye,"** harbored prostitutes at his residence in Charlotte, North Carolina.

h.     In or about January 2012, LUISA CAPILLA-LANCHO, a/k/a "Marisol," brought Jane Doe #1, an individual known to the Grand Jury, from Savannah, Georgia to Florida to work as a prostitute.

i.     In or about September 2012 and continuing through in or about January 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and ALEX MARTINEZ MONCON, a/k/a "Douglas Alexis Martinez Monzoon," used a cellular telephone to arrange for ALEX MARTINEZ MONCON, a/k/a "Douglas Alexis Martinez Monzoon" to engage in a commercial sex act with a prostitute.

j.     In or about November 2012, Defendant **CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego,"** rented Jane Doe #14, an individual unknown to the grand jury, for a week in order to have sex with Jane Doe #14 in North Carolina.

k.      On or about November 5, 2012, NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," transported Jane Doe #2, an individual known to the Grand Jury, to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** in Savannah, Georgia to allow Jane Doe #2 to work as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

l.      On or about November 5, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported LUISA CAPILLA-LANCHO, a/k/a "Marisol," from the Savannah, Georgia area to Defendant **JOSE RICARDO VAZQUEZ-GARCIA** at exit 57 on Interstate 95 in South Carolina.  Defendant **JOSE RICARDO VAZQUEZ-GARCIA** then transported LUISA CAPILLA-LANCHO, a/k/a "Marisol," to the Columbia, South Carolina area where LUISA CAPILLA-LANCHO, a/k/a "Marisol," worked as a prostitute.

m.     On or about November 14, 2012 and continuing through on or about November 15, 2012, JUAN CARLOS PENA contacted Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and SYLVIA BARRERA to coordinate the transportation and delivery of Jane Doe #2 between Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JUAN CARLOS PENA.

n.      On or about November 14, 2012 and continuing through on or about November 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #2 from the Savannah, Georgia area to SYLVIA BARRERA at exit 24 on Interstate 16 in Jeffersonville, Georgia.

o.      On or about November 15, 2012, MARISOL FERRERIRAS transported a female prostitute, Jane Doe #3, an individual known to the Grand Jury, from the Atlanta, Georgia area to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** at exit 24 on

Interstate 16 in Jeffersonville, Georgia.    Thereafter, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #3 to the Savannah, Georgia area where Jane Doe #3 engaged in prostitution.

        p.       On or about November 19, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** met with Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** at exit 24 on Interstate 16 in Jeffersonville, Georgia to pick up a female prostitute, Jane Doe #4, an individual known to the Grand Jury.  Thereafter, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported Jane Doe #4 to the Savannah, Georgia area where Jane Doe #4 engaged in prostitution.

        q.       On or about November 19, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and SILVSTRE AGUILAR SAYAGO, a/k/a "Chucky," used a cellular telephone to arrange for SILVSTRE AGUILAR SAYAGO, a/k/a "Chucky," to engage in a commercial sex act with a prostitute.

        r.       On or about November 19, 2012, NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," travelled to Defendant **JOAQUIN MENDEZ-HERNANDEZ'S, a/k/a "El Flaco's,"** residence located at 126 Tibet Avenue, Apartment E-8, in Savannah, Georgia to pick-up LUISA CAPILLA-LANCHO, a/k/a "Marisol." Thereafter, NEURBY CELENIA DIAZ, a/k/a "Dona Rosa," transported LUISA CAPILLA-LANCHO, a/k/a "Marisol," to the Baxley, Georgia area where LUISA CAPILLA-LANCHO, a/k/a "Marisol," engaged in prostitution.

        s.       On or about November 25, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported a female prostitute, Jane Doe #4, from the State of Georgia to ANTONIO RAMIREZ-CATALAN, a/k/a "Joel," in the State of South Carolina to

exit 119 on Interstate 26 near Columbia, South Carolina.   Thereafter, ANTONIO RAMIREZ-CATALAN, a/k/a "Joel," transported Jane Doe #4 into the State of North Carolina.

      t.     On or about November 26, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported a female prostitute, Jane Doe #5, an individual known to the Grand Jury, from the Savannah, Georgia area to Defendant **DANIEL RIBON-GONZALEZ** at exit 116 on Interstate 16 in Register, Georgia.   Thereafter, Defendant **DANIEL RIBON-GONZALEZ** transported Jane Doe #5 to the Augusta, Georgia area.

      u.     On or about December 12, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and FERNANDO PELAYO SILVERIO used a cellular telephone to arrange for FERNANDO PELAYO SILVERIO to engage in a commercial sex act with a prostitute.

      v.     On or about December 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and SERGIO VALAZQUEZ MARTINEZ used a cellular telephone to arrange for an individual to engage in a commercial sex act with a prostitute.

      w.     On or about December 15, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** forced a female prostitute, Jane Doe #6, an individual known to the Grand Jury, to engage in prostitution activities.

      x.     On or about December 22, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** contacted Defendant **DAVID REYES** to coordinate the transportation and delivery of a female prostitute, Jane Doe #7, an individual known to the Grand Jury, from Savannah, Georgia to Columbia, South Carolina.

      y.     On or about December 23, 2012, Defendant **DAVID REYES** travelled to Defendant **JOAQUIN MENDEZ-HERNANDEZ'S, a/k/a "El Flaco's,"** residence located at

126 Tibet Avenue, Apartment E-8, in Savannah, Georgia, picked up Jane Doe #7 at Defendant **JOAQUIN MENDEZ-HERNANDEZ'S, a/k/a "El Flaco's,"** residence and transported Jane Doe #7 to Columbia, South Carolina.

        z.      On December 27, 2012, Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** transported a female prostitute, Jane Doe #8, an individual known to the Grand Jury, from Atlanta, Georgia to JUAN CARLOS PENA'S residence in Bonaire, Georgia.

        aa.     On or about December 29, 2012, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ARTURO SALQUIL-GOMEZ** used a cellular telephone to arrange for Defendant **ARTURO SALQUIL-GOMEZ** to engage in a commercial sex act with a prostitute.

        bb.     On or about December 29, 2012, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and RODOLFO HERNANDEZ GUITERREZ used a cellular telephone to arrange for RODOLFO HERNANDEZ GUITERREZ to engage in a commercial sex act with a prostitute.

        cc.     On December 30, 2012, JUAN CARLOS PENA contacted SYLVIA BARRERA to coordinate the transportation and delivery of a female prostitute, Jane Doe #8, from Bonaire, Georgia to Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** at exit 51 on Interstate 16 in Dublin, Georgia.

        dd.     On or about January 1, 2013, Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** and JUAN CARLOS PENA used cellular telephones to discuss a female prostitute, Jane Doe #10, an individual known to the Grand Jury, who said that Defendant **JORGE LIRA-XOCHICALE, a/k/a/ "Roger," a/k/a/**

"Juan De Dios," a/k/a/ "Juan Diablo," and other unknown members of the conspiracy raped her.

ee.     On or about January 2, 2013, JUAN CARLOS PENA and Defendant **JORGE LIRA-XOCHICALE, a/k/a "Roger," a/k/a/ "Juan De Dios," a/k/a/ "Juan Diablo,"** used cellular telephones to send pictures of women, so members of the conspiracy could select which woman they wanted to use as a prostitute.

ff.     On or about January 2, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and LUISA CAPILLA-LANCHO, a/k/a "Marisol," used a cellular telephone to coordinate the transportation of prostitutes from the State of Georgia to the State of Florida.

gg.     On or about January 6, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** transported LUISA CAPILLA-LANCHO, a/k/a "Marisol," and Jane Doe #5, a female prostitute and an individual known to the grand jury, from the State of Georgia to the State of Florida to allow LUISA CAPILLA-LANCHO, a/k/a "Marisol," and Jane Doe #5 to engage in prostitution in the State of Florida.

hh.     On or about January 6, 2013, Defendant **ANTONIO UBALDO MENDEZ-LOPEZ, a/k/a "Tono," a/k/a "Tonio," a/k/a "Don Tonio,"** picked-up LUISA CAPILLA-LANCHO, a/k/a "Marisol," from Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** to allow LUISA CAPILLA-LANCHO, a/k/a "Marisol," to engage in prostitution in the State of Florida.

ii.     On or about January 6, 2013, CESAR AGUILAR-REBOLLAR, a/k/a "Cesar Nicholas Jaime," picked up Jane Doe, #5, an individual known to the grand jury, from

Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** to allow Jane Doe #5 to engage in prostitution in the State of Florida.

jj.     Beginning at a time unknown to the grand jury, but at least from in or about 2012, and continuing through January 2013, Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** recruited Jane Doe #15, a female Mexican national and an individual known to the grand jury, in Mexico to be a prostitute in the United States.     Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** had sexual relations with Jane Doe #15 every fifteen days to prepare Jane Doe #15 for the frequent commercial sex acts required to be a prostitute within the organization.  Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** misrepresented to Jane Doe #15 how much money she would earn as a prostitute and how much money she would be required to repay for her illegal entry into the United States.

kk.     On or about January 11, 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** used a cellular telephone to make arrangements with Defendant **EUGENIO PRIETO-HERNANDEZ, a/k/a "Eugenio Prieto-Nunez," a/k/a "Don Nunez," a/k/a "El Jarocho,"** to illegally smuggle Jane Doe #15, an individual known to the grand jury, from Mexico to the United States to work as a prostitute for Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco."**

ll.     Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JOSE HERNANDEZ TRUJILLO used a cellular

telephone to arrange for JOSE HERNANDEZ TRUJILLO to engage in a commercial sex act with a prostitute.

All done in violation of Title 18, United States Code, Sections 2 and 371.

## COUNT FOUR
### *Travel in Interstate Commerce for Purposes of Prostitution*
### 18 U.S.C. § 2421

12.     On or about November 5, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** aided and abetted by others known and unknown to the Grand Jury, did knowingly transport LUISA CAPILLA-LANCHO, a/k/a "Marisol," from the State of Georgia to the State of South Carolina, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.

## COUNT FIVE
### *Travel in Interstate Commerce for Purposes of Prostitution*
### 18 U.S.C. § 2421

13.     On or about November 25, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and ANTONIO RAMIREZ-CATALAN, a/k/a "Joel," aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transport Jane Doe #4, an individual known to the Grand Jury, from the State of Georgia to the State of South Carolina, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.

## COUNT SIX
*Travel in Interstate Commerce for Purposes of Prostitution*
18 U.S.C. § 2421

14.     On or about December 23, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **DAVID REYES** aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transport Jane Doe #7, an individual known to the Grand Jury, from the State of Georgia to the State of South Carolina, in interstate commerce, to engage in prostitution, and in sexual activity for which any person can be charged with a criminal offense.

All done in violation of Title 18, United States Code, Sections 2 and 2421.


## COUNT SEVEN
*Use of a Facility in Interstate Commerce to Promote
the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

15.     On or about November 30, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and PARESH PATEL, aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT EIGHT
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

16.     On or about December 15, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and SERGIO VALAZQUEZ MARTINEZ, aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT NINE
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

17.     On or about December 12, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and FERNANDO PELAYO SILVERIO, aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and

thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT TEN
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

18.    On or about December 29, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendants **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and **ARTURO SALQUIL-GOMEZ,** aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT ELEVEN
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

19.     Beginning at a time unknown to the grand jury, but at least from in or about 2011, and continuing through January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and JOSE HERNANDEZ TRUJILLO, aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

## COUNT TWELVE
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

20.     On or about November 19, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and SILVSTRE AGUILAR SAYAGO, a/k/a "Chucky," aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of

27

Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

**COUNT THIRTEEN**
*Use of a Facility in Interstate Commerce to Promote*
*the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

21.     On or about December 29, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and RODOLFO HERNANDEZ GUITERREZ, aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

### COUNT FOURTEEN
*Use of a Facility in Interstate Commerce to Promote
the Carrying on of a Business Involving Prostitution*
18 U.S.C. § 1952

22.     In or about September 2012 and continuing through in or about January 2013, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** and ALEX MARTINEZ MONCON, a/k/a "Douglas Alexis Martinez Monzoon," aided and abetted by other individuals known and unknown to the Grand Jury, used a facility in interstate commerce, that is, a cellular telephone, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being prostitution, which constitutes a violation of the laws of the State of Georgia, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

     All done in violation of Title 18, United States Code, Sections 2 and 1952(a)(3)(A).

### COUNT FIFTEEN
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

23.     The allegations contained in paragraphs 6 through 9 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

24.     On or about January 16, 2013, in Chatham County, within the Southern District of Georgia, Defendant **JOAQUIN MENDEZ-HERNANDEZ, a/k/a "El Flaco,"** aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to harbor an illegal alien, namely Jane Doe #17, for the purpose of commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

**COUNT SIXTEEN**
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324
9

25.     The allegations contained in paragraphs 6 through 9 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

26.     On or about November 19, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JORGE LIRA-XOCHICALE, a/k/a "Roger," a/k/a "Juan De Dios," a/k/a "Juan Diablo,"** aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to harbor an illegal alien, namely Jane Doe #4, for the purpose of commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

**COUNT SEVENTEEN**
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

27.     The allegations contained in paragraphs 6 through 9 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

28.     In or about May 2012 and continuing through in or about January, 2013, the exact dates being unknown, in Chatham County, within the Southern District of Georgia, and in Charlotte, North Carolina, Defendant **MAYER SANCHEZ-CALDERON, a/k/a "Maye,"** aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree

with others known and unknown to harbor an illegal alien, namely Jane Doe #18, for the purpose of commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

**COUNT EIGHTEEN**
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

29.    The allegations contained in paragraphs 6 through 9 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

30.    In or about February 2012 and continuing through in or about January, 2013, the exact dates being unknown, in Chatham County, within the Southern District of Georgia, and in Charlotte, North Carolina, Defendant **CLAUDIO SANCHEZ-CALDERON, a/k/a "Borrego,"** aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to harbor an illegal alien, namely Jane Doe #19, for the purpose of commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

## COUNT NINETEEN
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

31.     The allegations contained in paragraphs 6 through 9 of the Indictment are hereby

realleged and incorporated by reference as if fully set forth herein.

32.     On or about January 6, 2013, in Chatham County, within the Southern District of

Georgia, and elsewhere, Defendant **ANTONIO UBALDO MENDEZ-LOPEZ, a/k/a "Tono,"**

**a/k/a "Tonio," a/k/a "Don Tonio,"** aided and abetted by others, did knowingly and intentionally

combine, conspire, confederate and agree with others known and unknown to harbor an illegal

alien, namely LUISA CAPILLA-LANCHO, a/k/a "Marisol," for the purpose of commercial

advantage or private financial gain, in violation of Title 8, United States Code, Sections

1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and

1324(a)(1)(A)(v)(II).

## COUNT TWENTY
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

33.     The allegations contained in paragraphs 6 through 9 of the Indictment are hereby

realleged and incorporated by reference as if fully set forth herein.

34.     On or about December 23, 2012, in Chatham County, within the Southern District

of Georgia, and elsewhere, Defendant **DAVID REYES**, aided and abetted by others, did

knowingly and intentionally combine, conspire, confederate and agree with others known and

unknown to harbor an illegal alien, namely Jane Doe #7, for the purpose of commercial

advantage or private financial gain, in violation of Title 8, United States Code, Sections

1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

## COUNT TWENTY-ONE
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

35.    The allegations contained in paragraphs 6 through 9 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

36.    On or about November 5, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **JOSE RICARDO VAZQUEZ-GARCIA**, aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to harbor an illegal alien, namely LUISA CAPILLA-LANCHO, a/k/a "Marisol," for the purpose of commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

## COUNT TWENTY-TWO
*Conspiracy to Harbor Illegal Aliens*
8   U.S.C. § 1324

37.    The allegations contained in paragraphs 6 through 9 of the Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

38.    On or about November 26, 2012, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant **DANIEL RIBON-GONZALEZ**, aided and abetted by others, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to harbor an illegal alien, namely Jane Doe #5, for the purpose of

commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

All done in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(v)(II).

## FORFEITURE ALLEGATION

39.     The allegations contained in Counts One through Twenty-Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(b)(2) and 2428, as incorporated by Title 28, United States Code, Section 2461.

40.     Upon conviction of Counts One through Twenty-Two of this Indictment, the named Defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(b)(2) and 2428, as incorporated by Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

41.     If any property subject to forfeiture as a result of any act or omission of the Defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C),  982, 1594(b)(2) and

2428, as incorporated by Title 28, United States Code, Section 2461.

A True Bill.

Foreperson

35

_____
Edward J. Tarver
United States Attorney



_____
James D. Durham
First Assistant United States Attorney



_____
Brian T. Rafferty
Assistant United States Attorney
Criminal Division Chief



_____
Tania D. Groover*
Assistant United States Attorney
*Denotes Lead Counsel



_____
E. Greg Gilluly*
Assistant United States Attorney
*Denotes Lead Counsel