Minimum Mandatory     _No_
Rule 35/5K1.1     _Yes_
Appeal Waiver     _Yes_
Other     _No_

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | FIRST SUPERSEDING INDICTMENT |
| V. ) | CR 4:13-cr-00004 |
| ) | |
| JOAQUIN MENDEZ-HERNANDEZ ) | |
| a/k/a "El Flaco" ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL**:     Jonathan J. Hunt

**ASSISTANT U.S. ATTORNEY**:     Tania Groover, E. Greg Gilluly, Jr.

**STATUTES CHARGED**:

- Count 1:     18 U.S.C. § 1594( c) (Conspiracy to Engage in Sex Trafficking);

- Count 2:     18 U.S.C. § 1591 (Sex Trafficking)

- Count 3:     18 U.S.C. § 371 (Conspiracy to Transport a Person in Interstate Commerce for Purposes of Prostitution);

- Counts 5-7:     18 U.S.C. § 2421 (Travel in Interstate Commerce for Purposes of Prostitution).

- Counts 8-15:     18 U.S.C. § 1952 (Use of a Facility in Interstate Commerce to Promote the Carrying on of a Business Involving Prostitution)

## COUNT PLEADING TO:

Count 1: 18 U.S.C. § 1594( c) (Conspiracy to Engage in Sex Trafficking)

## PENALTIES:

**18 U.S.C. § 1594( c) (Conspiracy to Engage in Sex Trafficking).**

Any Term of Imprisonment and up to Life Imprisonment;
A fine of up to $250,000.
A Special Assessment of $100.00.
A term of supervised release up to five (5) years.

## ELEMENTS

Count 1: 18 U.S.C. § 1594( c)

First: That the Defendant conspired with one or more persons to knowing recruit, entice, harbor, transport, provide or obtain by any means any person;

Second: That the Defendant knew that the person would be caused to engage in a commercial sex act;

Third: That the recruiting, enticing, harboring, transporting, providing or obtaining was done in or affecting interstate commerce;

Fourth: That the Defendant benefitted financially or received a thing of value from participation in a venture engaged in such acts; and

Fifth: That the Defendant knew or acted in reckless disregard of the fact that force, fraud and coercion would be used to cause such person to engage in a commercial sex act.

###############################################################################

Tania D. Groover and E. Greg Gilluly, Jr., Assistant United States Attorneys, and

Jonathan J. Hunt, attorney for Defendant Joaquin Mendez-Hernandez, a/k/a "El Flaco," pursuant

to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges within the First Superseding Indictment referenced herein and a Plea Agreement has been reached by said parties in the following respects:

A.  **AGREEMENT BY GOVERNMENT**

Upon the entry of a plea of guilty to the offense charged in Count One in the First Superseding Indictment referenced herein, charging a violation of 18 U.S.C. §1594( c) (Conspiracy to Engage in Sex Trafficking), and provided Defendant truthfully admits the offense and relevant conduct to the Court and Probation Office and does not engage in any additional criminal conduct from the time of his signing of the plea agreement in this case, the Government agrees:

> To move to dismiss Counts Two, Three and Five through Fifteen of the First Superseding Indictment; and to dismiss the defendant from the first indictment and the Second Superseding Indictment.

> To not oppose a recommendation from the Probation Office that the Defendant receive a two level reduction in sentence for acceptance of responsibility pursuant to § 3E1.1(a) of the Sentencing Guidelines, if applicable; and

> To consider whether the Defendant's cooperation with the Government qualifies as "substantial assistance" and warrants the filing of a motion for downward departure below any applicable guideline range or mandatory minimum sentence or a motion to reduce sentence.

## B. AGREEMENT BY THE DEFENDANT

The Defendant agrees to plead guilty to Count One of the First Superseding Indictment charging him with a violation of Title 18, United States Code, Section 1594( c) (Conspiracy to Engage in Sex Trafficking) and to admit the relevant facts.

The Defendant agrees to cooperate with the government and to provide full, complete, candid and truthful cooperation with federal, state or local authorities.

The Defendant agrees to waive his right to appeal his sentence.

The Defendant consents to the forfeiture as outlined in the First Superseding Indictment.

The Defendant agrees to timely pay the mandatory $100 special assessment.

## C. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

1. Factual Basis: The Defendant further agrees to the truthfulness and accuracy of the following facts:

Beginning at a time unknown to the grand jury, but at least from in or about 2008, and continuing through January 2013, in Chatham County, and other counties within the Southern District of Georgia and elsewhere, Defendant Joaquin Mendez-Hernandez, a/k/a "El Flaco," being aided and abetted by others, did knowingly combine, conspire, confederate and agree with others to knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person and persons, known and unknown, in and affecting interstate and foreign commerce, and did benefit financially and by receiving a thing of value from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that force, fraud and coercion would be used to cause such person and persons to engage in a commercial sex act, that

is Conspiracy to Engage in Sex Trafficking, in violation of Title 18, United States Code Section 1594(c).

One or more members coordinated the illegal transportation of women from other countries into the United States to Savannah, Georgia and elsewhere for the purpose of engaging in prostitution in Savannah, Georgia and elsewhere. One or more members provided false and misleading information to women to entice them to come to and remain in the United States. Once in the United States, one or more members threaten and forced women to commit acts of prostitution. Members also held children hostage in Mexico to force women to engage in prostitution. Members harbored these women by providing food and housing for the women while the women worked as prostitutes. Members used cellular telephones to communicate with other members of the conspiracy about the transportation of women, and to coordinate meetings between the women and people who would pay for sex, referred hereinafter as "Johns." Members also used cellular telephones to send photographs of women, so members of the conspiracy could select who to use as a prostitute. Members of the conspiracy typically had at least one woman working as a prostitute on a weekly basis at multiple locations. Members would also transport women to various locations in the Southern District of Georgia and elsewhere, for the women to engage in sexual activity. At times during this conspiracy, one woman would commit over 30 acts of prostitution in one day, at the direction of one or more members of the conspiracy. Members of the conspiracy would accompany the women to the locations to engage in sexual activity and collect payment for services rendered from the "Johns." Members then traded and exchanged women with other members of the conspiracy after one week, to conspirators in other jurisdictions, including Florida, North Carolina and South Carolina.

The Defendant does not dispute any of the overt acts contained in Count One of the First Superseding Indictment and agrees that the United States would have been able to prove them beyond a reasonable doubt. The Defendant does not dispute any elements of the offense and agrees that the United States would have been able to prove each and every element of the charged offense. Upon his arrest, Joaquin Mendez-Hernandez, a/k/a "El Flaco" was cooperative with law enforcement. After being advised of his Miranda Rights in Spanish, he agreed to be interviewed. He admitted to agents that he learned of the prostitution business from Eugenio Priento-Hernandez. He purchased Mr. Priento-Hernandez's cellular phone, which included prostitutes' names and numbers. After purchasing the phone, Mr. Mendez-Hernandez, helped coordinate the transportation of prostitutes to and from Savannah, Georgia. He admitted that some of the women had "Padrotes." He explained that "Padrotes" often enticed women, had them fall in love with them; and then brought them to the United States under the false premise of "a better life." He explained to agents that he knew some of the women he drove around had "Padrotes." He explained that he knew "Padrotes" would use and had used force, fear, or coercion, including, but not limited to holding children hostage in other countries. He explained to agents that "Padrotes" would require their women to call Mr. Mendez-Hernandez, and other people like him, to coordinate prostitution acts. The "Padrotes" seldom called to coordinate prostitution, but required the women to call. The "Padrotes" would force the women to travel to places, including Savannah, Georgia, where they would work for a driver, like Mr. Mendez-Hernandez. Mr. Mendez-Hernandez would harbor the women, provide them food and shelter; and he drove them to various "Johns" to engage in sexual acts. At the end of the week, Mr. Mendez-Hernandez would pay the women, and the women would pay their respective

"Padrotes." Mr. Mendez-Hernandez received a portion of the money earned by the women. Mr. Mendez-Hernandez admitted that he has done this activity for over a year.

The Defendant DISPUTES that he ever personally used force, fraud or coercion to exploit any woman. He DISPUTES that he ever harmed any woman, threatened any women; or defrauded any woman. He DISPUTES that he ever held a child hostage to force the woman to work as a prostitute. He also DISPUTES that he ever withheld food or sleep from any woman. Mr. Mendez-Hernandez understands that he has the right to contest any facts that he disagrees with at sentencing.

2. The Defendant understands and agrees that nothing in this Agreement shall abrogate the duty and right of the Government to bring all sentencing facts to the attention of the sentencing court, and the Defendant further agrees that the Government shall not be bound to make any recommendation under this Agreement if to do so would directly contradict facts relevant to the offense conduct or the Defendant's prior conduct or criminal history, which first come to the attention of the Government, or are confirmed as true, only after the signing of this Agreement.

3. The Defendant understands that the Court is not a party to this Agreement, that the Government can only make recommendations which are not binding on the Court, and that after the entry of the Defendant's guilty plea, the Defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law on each count upon which he pleads guilty. The Defendant also understands that if he attempts to withdraw this plea agreement after it is signed, the Government may introduce this written plea, and the admissions contained herein at trial in the case-in-chief. The Defendant hereby waives any Rule 410

protections as outlined in the Federal Rules of Evidence.

4. **The Defendant also understands that in accordance with *United States v. Booker*, the Court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

5. The Defendant further advises the Court that the Defendant understands that the U. S. Probation Office will prepare a pre-sentence investigation report for the Court, and that the U. S. Probation Office will consider **all** of Defendant's conduct related to the offense to which he is pleading, and that these facts will be considered by the Court in determining the Defendant's sentence. The Defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney.

6. **The Defendant advises the Court that the Defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the Defendant expected or, in the case of relevant conduct, is found to be more extensive than the Defendant has admitted to, the Defendant will still have no absolute right to withdraw his guilty plea.**

7. WAIVER OF APPEAL AND COLLATERAL ATTACK

To the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: (1) Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and (2) Defendant may file a direct appeal of his sentence if, by variance or

upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, Defendant may also file a direct appeal of the sentence.

8. The Defendant agrees to cooperate, and to provide full, complete, candid and truthful cooperation with federal, state or local authorities by following all reasonable requests of law enforcement agents, which shall include, a full disclosure of all criminal activities of which the Defendant has knowledge relating to the offense charged, and a full and truthful answer to any question put to him by law enforcement officers. The Defendant agrees to testify truthfully when called upon.

The Defendant understands (1) that he is required at all times to give complete, truthful, and accurate evidence and testimony when called upon to do so by the Government or another Defendant; (2) that the Defendant is not called upon by this Agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; (3) that the Defendant's benefits under this Agreement are conditioned solely upon his cooperation and truthfulness, and are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding.

9. The Defendant consents to the forfeiture that is outlined in the First Superseding Indictment.

10. <u>Fines, Assessments, Restitution and Forfeitures</u>: The Defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing. The Defendant understands that if a fine or restitution is imposed by

the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the Defendant has an interest, whether by administrative, civil, or judicial proceeding, the Defendant may be required by the United States Attorney's Office to meet with a member of its Debt Collection Unit after his guilty plea and complete a written personal financial statement setting forth the Defendant's assets and liabilities as of the date of the offense. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation unit of the United States Attorney's Office.

D. **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

1. The Defendant represents to the Court that the Defendant has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and Defendant's attorney have discussed possible defenses, if any, to the charges in the above-referenced Indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses on the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify on the Defendant's own behalf, or to remain silent and have no adverse inferences drawn from the Defendant's silence; and that the

Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

2. The Defendant further represents to the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, conducted with the Defendant's authorization, knowledge and consent; that this Plea Agreement contains the entire agreement and understanding between the Government and the Defendant; and that the Defendant has no other agreements, understandings, or deals with any person other than those set out in this Plea Agreement, that is, the Defendant advises the Court that the Defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

3. The Defendant represents to the Court that the Defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the Defendant gives up all of the rights set out in paragraph "D.1." above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The Defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. The Defendant understands that the Defendant will be under oath and on the record in answering those questions, and that the Defendant's answers may later be used against the Defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 17 day of September, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY

By: _____
Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division

_____
Tania D. Groover
Assistant United States Attorney

_____
E. Greg Gilluly, Jr.
Assistant United States Attorney

My attorney has explained the foregoing Plea Agreement, consisting of 12 pages, including this page, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and Government agents and/or prosecutors, and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

_____
Joaquin Mendez-Hernandez
Defendant

_____
Jonathan J. Hunt
Attorney for the Defendant

September 17, 2013
Date

12

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | FIRST SUPERSEDING INDICTMENT |
| V. | ) | CR 4:13-cr-00004 |
| | ) | |
| JOAQUIN MENDEZ-HERNANDEZ | ) | |
| a/k/a "El Flaco" | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant is hereby accepted and the foregoing Plea Agreement is hereby ratified and confirmed.

This __20__ day of __Feb__, 2014.

B. AVANT EDENFIELD
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA