UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR413-004 |
| ) | |
| JOAQUIN MENDEZ-HERNANDEZ ) | |

## **REPORT AND RECOMMENDATION**

Over a year and a half after receiving a life sentence for conspiracy to engage in sex trafficking, doc. 775, and sixteen months after the Court first denied his request for additional time to appeal, doc. 799 (filed April 9, 2014), defendant Joaquin Mendez-Hernandez (now *pro se*) moves for reconsideration[1] of that denial. Doc. 865. He contends that the Court's earlier order "is based on alleged statements of [counsel]" that "are

---

[1] "A motion for reconsideration is appropriate when the moving party shows that: '(1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.' See Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Parties "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. Nat'l Healthcare Corp., 103 F.Supp.2d 1322, 1338 (N.D. Ga. 2000)." Wilkerson v. H & S Lee, Inc., 2010 WL 3585189 at * 1 (S.D. Ga. Sept. 13, 2010).

contradicted by [docs.] 785 and 786." Doc. 865 at 1. That's just not true, much less a good reason to reconsider the previous denial.

The Court sentenced Mendez-Hernandez on February 19, 2014. Doc. 772. Twelve days later, his attorney, Jonathan Hunt, filed a Notice of Post-Conviction Consultation Certification (Notice) -- the document that allegedly contradicts Hunt's statements in the motion for extension -- indicating that he discussed appellate rights with Mendez-Hernandez who then decided to appeal. Doc. 785. Mendez-Hernandez, however, never thereafter appealed.

The motion for extension explains that somewhat odd sequence of events. In the motion, Hunt represents that "[p]rior to entry of judgment . . . [he] met with [Mendez-Hernandez] to discuss" appeal options. *Id.* at 1. "At [Hunt]'s request, [Mendez-Hernandez] . . . signed two opposing versions of the Notice . . . one requesting an appeal and one not." *Id.* Hunt says he intended after sentencing to file whichever version Mendez-Hernandez selected. *Id.*

Consistent with that intention, "moments after sentencing, [Hunt] met with . . . Mendez-Hernandez [again] . . . to discuss his appellate rights," but Mendez-Hernandez "was undecided what to do." *Id.* at 2.

On March 3, 2014, Hunt asked him for at least the third time if he wanted to file an appeal, but again he was undecided. *Id.* In order to preserve Mendez-Hernandez's right to appeal, and without knowing what his client wished to do, Hunt filed the Notice indicating that Mendez-Hernandez would appeal. *Id.* at 2.

The Notice contradicts nothing in the motion for extension Hunt filed. Indeed, the motion, and Hunt's statements, give context to and explain why he filed a Notice selecting an appeal, yet never actually appealed. Not only is Mendez-Hernandez's present motion a tad late (sixteen months post-original decision),[2] but he offers no good reason -- much less a clear error, new evidence, or a change in law, *see Wilkerson*, 2010 WL 3585189 at * 1 -- to reconsider the Court's denial of additional time to appeal. His motion for reconsideration (doc. 865) should be **DENIED**.

---

[2] Mendez-Hernandez had to file his motion "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6). No matter how that date calculation is sliced, sixteen months is well outside the time limit provided.

**SO REPORTED AND RECOMMENDED** this 9th day of September, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**