# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



| | | |
|---|---|---|
| JOAQUIN MENDEZ-HERNANDEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-331 |
| | ) | CR413-004 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Joaquin Mendez-Hernandez moves to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. CR413-004 doc. 902.[1] Preliminary review under Rule 4(b) of the Rules Governing § 2255 Motions shows that his motion is time-barred.

Mendez-Hernandez pled guilty on February 19, 2014 to conspiracy to engage in sex trafficking. Doc. 775 at 1. He had one year from the date that his conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). He didn't appeal his conviction. His counsel moved for

---

[1] The Court cites to the criminal case docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

additional time to appeal, which the Court denied. Doc. 799, *reconsideration denied,* doc. 875 at 3, *adopted* doc. 879; *see also* doc. 875 at 1 (recounting procedural history). His judgment became final, therefore, when the time for filing his appeal expired. S*ee Dauphin v. United States,* 604 F. App'x 814, 817 (11th Cir. 2015) (citing *Mederos v. United States,* 218 F.3d 1252, 1253 (11th Cir. 2000)). That happened 14 days after the entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i).

The §2255(f) clock thus began to run on March 5, 2014 and expired on March 5, 2015. Mendez-Hernandez didn't file his § 2255 motion until December 6, 2016[2] -- 642 days late. He offers no explanation or excuse for its untimeliness. *See* doc. 57 at 13.[3] His motion is thus untimely and should be **DENIED**.

---

[2] Under the prison "mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison officials for mailing. *Williams v. McNeil,* 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). There is a presumption that the prisoner delivered the motion to officials on the date he signed it. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *Watson v. United States,* 2016 WL 3581938 at * 1 (S.D. Ga. June 27, 2016). Mendez-Hernandez did not sign his motion. Doc. 902 at 14. He did, however sign the Certificate of Service, stating under oath that he placed the motion and supporting memorandum into the prison mail system on December 6, 2016. *Id.* at 50.

[3] Nowhere in Mendez-Hernandez's motion or 34-page memorandum does he discuss timeliness. *See generally* doc. 902. He does allege that his counsel failed to follow his instructions to appeal his conviction. *See, e.g,. id.* at 8. An attorney's failure to comply with a client's request to file an appeal is ineffective assistance *per se. See Tucker v. United States,* 249 F. App'x 763, 765 (11th Cir. 2007) (citing *Peguero v.*

2

Because Mendez-Hernandez has not made a substantial showing of the denial of a constitutional right, the Court should also **DENY** him a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(2); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* would therefore be moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. §

---

*United States*, 526 U.S. 23, 119 S. Ct. 961, 965 (1999)). Such ineffective assistance could affect the timeliness analysis. *See Hine v. United States*, 2015 WL 3902299 at * 4 (N.D. Ga. June 23, 2015) ("[A] § 2255 motion based on counsel's failure to file a requested direct appeal could be considered timely under § 2255(f)(4) if the movant files within one year of the date he could have discovered, through exercise of due diligence, that no appeal had been filed.") (emphasis omitted). Hence, the Court will consider whether his counsel's alleged failure could make his motion timely.

If counsel's failure to appeal triggered the one-year clock, it would start on "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The record shows that Mendez-Hernandez knew that no appeal had been filed no later than March 19, 2015, when, acting *pro se*, he moved the Court to reconsider its previous denial of the appeal extension. *See* doc. 865. Even assuming that he discovered his counsel's failure on the day he filed his motion, the one-year clock expired on March 21, 2016 (because March 19, 2016 fell on a Saturday, *see* Fed. R. Civ. P. 6(a)(1)(C)) -- 206 days before he filed this motion. Since Mendez-Hernandez knew of his counsel's failure to appeal by March 19, that date is the latest that the one-year clock could have started. Hence, Mendez-Hernandez's motion is still untimely. *See Tucker*, 249 F. App'x at 765 (explaining that the timeliness of a § 2255 motion, based on counsel's failure to file appeal, "turns not on whether he asked his lawyer to file an appeal," but on when the movant could have discovered that failure by reasonable diligence).

3

636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written Fed. R. Civ. P. 72(b)(2) Objections to this R&R and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the Rule 72(b)(2) Objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that their failure to timely file Objections will result in the waiver of certain rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of December, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA