# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOAQUIN MENDEZ-HERNANDEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR413-004 |
| | ) | CV418-112 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court
By jburrell at 11:29 am, May 16, 2018

## REPORT AND RECOMMENDATION

Joaquin Mendez-Hernandez was guilty-plea convicted of conspiracy to engage in sex trafficking. Doc. 775 at 1.[1] His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because he contends his appointed counsel was deficient in various respects. *See generally* doc. 928. Because this is Mendez-Hernandez's *second* § 2255 motion, however, this Court lacks jurisdiction to consider it without permission from the Eleventh Circuit.

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v.*

---

[1] The Court cites to the criminal docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

*United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005).  "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion.  *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Mendez-Hernandez concedes that this is his second § 2255 motion.  *See* doc. 928 at 5 (conceding that he filed a previous § 2255 motion in 2017, it was denied, and the denial was affirmed by the Eleventh Circuit); *see also* doc. 902 (§ 2255 motion); doc. 906 (judgment denying motion); doc. 918 (Court of Appeals mandate denying Certificate of Appealability).  The Court found that his § 2255 motion was time-barred.  Doc. 903 at 2 (recommending denial of § 2255 motion as untimely).  Such a disposition renders subsequent § 2255 motions successive.  *See*

*Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003) (holding "a habeas or § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes."). This Court thus lacks jurisdiction to consider his petition. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").

Since his motion is successive, it should be **DISMISSED** as an unauthorized, successive petition. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant

to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 16th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA