# United States District Court
# for the Southern District of Georgia
# Savannah Division

JOAQUIN MENDEZ-HERNANDEZ,　　　)
　　　　　　　　　　　　　　　　)
　　Movant,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　CV418-112
　　　　　　　　　　　　　　　　) 　　CR413-004
UNITED STATES OF AMERICA,　　　 )
　　　　　　　　　　　　　　　　)
　　Respondent.　　　　　　　　 )

## ORDER

After a careful *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 2, to which objections have been filed, dkt. no. 5. Movant admits that this is his second motion under 28 U.S.C. § 2255 and that he has not yet received authorization from the Eleventh Circuit to file it. Dkt. No. 5. So, he says he will seek the necessary authorization from the Court of Appeals. Id. As this Court previously explained, however, it has *no jurisdiction* to entertain his second motion until he receives that approval. Dkt. No. 2 at 1-3 (citing, *inter alia*, In re Bradford, 830 F.3d 1273, 1277 (11th Cir. 2016); Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as

AO 72A
(Rev. 8/82)

the opinion of the Court and movant's motion is **DENIED** without prejudice.[1]

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3).

---

[1] In other words, once movant has permission from the Court of Appeals, he may file his *authorized* successive motion anew.

[2] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

**SO ORDERED** this \_\_20\_\_ day of June, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA