# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOAQUIN MENDEZ-HERNANDEZ, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR413-004 |
| | ) | CV419-204 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Joaquin Mendez-Hernandez was convicted of conspiracy to engage in sex trafficking. Doc. 775 at 1.[1] His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because he contends his appointed counsel failed to file a requested appeal. *See generally* doc. 943. Because this is Mendez-Hernandez's *third* § 2255 motion, however, this Court lacks jurisdiction to consider it without permission from the Eleventh Circuit. Mendez-Hernandez knows this because he petitioned for leave from the Eleventh Circuit, albeit unsuccessfully, already. *See* doc. 942 (Order from the United States Court

---

[1] The Court cites to the criminal docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

of Appeals denying leave to file a second or successive motion under 28 U.S.C. § 2255).[2]

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter*

---

[2] Although his current motion is dated August 13, 2019, the arguments raised—that his appointed counsel was constitutionally ineffective for failing to file an appeal, now relying on *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738 (2019), appears substantially identical to one he has already made. The Eleventh Circuit has, therefore, *already* denied him leave to pursue this claim in a second or successive petition. *See* doc. 942 at 2-3. As the Court of Appeals explained in denying leave, the current iteration of his argument "is the same as his previous claims, and his citation of new caselaw is insufficient to create a new claim." *Id.* at 3 (citation omitted). Since the Court lacks jurisdiction over the petition, regardless of its substance, this redundancy is moot.

*v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Mendez-Hernandez alternatively characterizes the present motion as seeking relief from a judgment, pursuant to Fed. R. Civ. P. 60(b). *See* doc. 943 at 12-13. Simply placing the "60(b)" label on his previously-rejected § 2255 argument does not evade the bar on second or successive habeas petitions. As the Supreme Court has explained: "a pleading, although labeled a Rule 60(b) motion, [which] is in substance a successive habeas petition . . . should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). To the extent that he alleges "fraud on the Court," his allegations relate only to "fraud" perpetrated at the time of his conviction, not during any subsequent § 2255 proceeding. *See* doc. 943 at 10-13 (alleging appointed counsel made material misrepresentations in a motion for extension of time to file his direct appeal). As such, those allegations are not properly asserted in a 60(b) motion. *See El-Amin v. United States*, 172 F. App'x 942, 945-46 (11th Cir. 2006) ("This fraud exception to § 2244's prohibition on successive § 2255 motions, however, only applies 'where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a [trial] court.'" (quoting *Gonzalez v. Sec'y for Dept. of*

*Corrs.*, 366 F.3d 1253, 1284 (11th Cir. 2004) (en banc)); *see also Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) ("[I]f the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (or the federal district court that convicted and/or sentenced the movant in the case of § 2255 motion), then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding."). Mendez-Hernandez attempt to characterize this pleading as a 60(b) motion is, therefore, unavailing.

Since his motion is a successive § 2255 motion, it should be **DISMISSED** as an unauthorized, successive petition. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Report and Recommendation (R&R) is submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 29th day of August, 2019.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA